ON APPLICATION FOR WRITS

BYRNES, Judge.
The State requests a review of the juvenile court’s ruling that information gathered as a result of respondent’s participation in therapy pursuant to an informal adjustment agreement is inadmissible.
LSA-Ch.C. art. 630 states:
Art. 630. Effect of an agreement
An informal adjustment agreement shall not be considered an adjudication. Evidence of such an agreement shall not be admissible in any subsequent proceeding.
The State contends that art. 630 only prohibits evidence of an informal agreement itself to be admitted in any subsequent hearings but information gathered in connection with the agreement is admissible.
However, LSA-Ch.C. art. 745 provides:
Art. 745. Effect of informal family services plan agreement
A.An informal family services plan agreement shall not be considered an adjudication. Evidence of the existence of such an agreement shall not be used against the child, the caretaker, or other family member over objection in any adjudication hearing or criminal trial. Such evidence may, however, be used in a disposition hearing in the juvenile court or for the purpose,of a presentence investigation after a criminal conviction.
B. An informal family services plan agreement suspends the proceeding on the conduct charged in a family in need of services complaint or petition. If any of the terms of the agreement are violated, the case may proceed to an adjudication hearing on the charges. If the child, caretaker, or other family member satisfies the terms of the agreement, he shall be discharged from further services or supervision, and the pending complaint or petition shall be dismissed with prejudice.
C. After the confection of the agreement, an incriminating statement made by the child, caretaker, or other family member during discussions or conferences incident to the informal adjustment agreement shall not be used against the declarant, over objection, in an adjudication hearing or criminal trial. Any such statement may be used in a disposition hearing in the juvenile court or for the purpose of a pre-sentence investigation after a criminal conviction.
In the transcript the court states that this case involves allegations that respondent “acted improperly with one or two of the girls.” The State asked its witness, an expert in therapeutic social work: “Did you discuss with Mr. Ravy sexual abuse of any of the Forest children?” The witness responded: “Yes.” When the State then asked: “What did you find out through these discussions?”, respondent’s attorney objected because the expert’s testimony would reveal information concerning therapy which respondent submitted to in connection with the informal adjustment agreement. Respondent’s attorney noted that “everything that the State seeks to offer ... is obtained pursuant to the Informal Adjustment Agreement.” Pointing out that “the State wanted to use the therapeutic sessions to (the participants’) detriment,” the trial court ruled that “no information that would have been gained as a result of people participating in therapy *226 pursuant to the informal judgment is admissible.”
Because the State cannot introduce incriminating statements made by the participants during discussions incident to the informal adjustment agreement pursuant to LSA-C.Ch. arts. 630 and 745, the ruling of the trial court is affirmed.

AFFIRMED.